# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

STEPHANIE JONES,

          Plaintiffs,

    v.

FOX ROTHSCHILD LLP and IAN W. SIMINOF,

          Defendant.

Case No. 1:19-cv-11573-AKH

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FOX ROTHSCHILD LLP'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3) AND FOR PARTIAL DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)

---

**FISHER PHILLIPS LLP**
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
(908) 516-1050 (phone)
(908) 516-1051 (fax)
*Attorneys for Defendant,*
*Fox Rothschild LLP*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF ALLEGED FACTS ................................................................................ 3

LEGAL ARGUMENT .......................................................................................................... 4

    I.      The Complaint Should Be Dismissed for Improper Venue. ................................... 4

    II.     All of Plaintiff's State Law Claims Should Be Dismissed. ................................... 6

          A.      Plaintiff's State-Law Claims Are Time-Barred. ......................................... 7

          B.      Plaintiff Cannot Invoke the NYSHRL or NYCHRL (Counts II and III). ...................................................................................................... 11

          C.      Plaintiff Cannot Assert Claims Under New York Tort Law (Counts VI Through VIII). ..................................................................................... 15

          D.      The Exclusivity Provisions of Both New Jersey's and New York's Workers' Compensation Laws Preclude the Assertion of Negligence Claims (Counts VI and VIII). ................................................................. 16

               1.     New Jersey. .................................................................................... 16

               2.     New York. ...................................................................................... 18

CONCLUSION ................................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................6

*Assa Realty LLC v. Solution Grp. Corp.*,
    No. 17-0177, 2017 WL 2241524 (S.D.N.Y. May 22, 2017) ....................6

*Barnett v. Johnson*,
    839 F. Supp. 236 (S.D.N.Y. 1993) ..........................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................6, 7

*Benham v. eCommission Solutions, LLC*,
    118 A.D.3d 605, 989 N.Y.S.2d 20 (1st Dep't 2014) ..............................13

*Berlin v. JetBlue Airways Corp.*,
    No. 18-1545, 2020 WL 502629 (E.D.N.Y. Jan. 30, 2020) .............7, 8, 10

*Brodie v. Gloucester Twp.*,
    No. 11-1914, 2012 WL 295291 (D.N.J. Feb. 1, 2012) .............................9

*Campanello v. Port Auth. of N.Y. & N.J.*,
    590 F. Supp. 2d 694 (D.N.J. 2008) ..........................................................9

*Corrado v. N.Y. Unified Court Sys.*,
    163 F. Supp. 3d 1 (E.D.N.Y. 2016),
    *aff'd*, 698 F. App'x 36 (2d Cir. 2017)................................................18, 19

*Deufrains v. Karcauskas*,
    No. 12-2576, 2013 WL 4806955 (E.D.N.Y. Sept. 9, 2013) .....................6

*Devlin v. Transp. Commc'ns Int'l Union*, No. 95-0742, 2002 WL 413919
    (S.D.N.Y. Mar. 14, 2002),
    *aff'd.*, 93 F. App'x 323 (2d Cir. 2004)...................................................10

*Doner-Hendrick v. N.Y. Inst. of Tech.*,
    No. 11-121, 2011 WL 2652460 (S.D.N.Y. July 6, 2011) .......................14

*Enigma Software Grp. USA, LLC v. Bleeping Computer, LLC*,
    194 F. Supp. 3d 263 (S.D.N.Y. 2016).......................................................3

*Fedele v. Harris*,
    18 F. Supp. 3d 309 (E.D.N.Y. 2014) .....................................................4, 5

ii

*Feder v. Bristol-Myers Squibb Co.*,
    33 F. Supp. 2d 319 (S.D.N.Y. 1999)......................................................................10

*Ferris v. Delta Air Lines, Inc.*,
    277 F.3d 128 (2d Cir. 2001)..............................................................................18

*Fraser v. Bovino*,
    317 N.J. Super. 23 (App. Div. 1998) ..................................................................9

*Fried v. LVI Servs., Inc.*,
    500 F. App'x 39 (2d Cir. 2012) .........................................................................14

*Gallo v. Alitalia-Linee Airee Italiane-Societa per Azioni*,
    585 F. Supp. 2d 520 (S.D.N.Y. 2008)................................................................18

*Germano v. Cornell Univ.*,
    No. 03-9766, 2005 WL 2030355 (S.D.N.Y. Aug. 17, 2005)...............................13

*Global Fin. Corp. v. Triarc Corp.*,
    93 N.Y.3d 525, 693 N.Y.S.2d 479, 715 N.E.2d 482 (1999)................................8

*Gorbaty v. Wells Fargo Bank, N.A.*,
    No. 10-3291, 2014 WL 4742509 (E.D.N.Y. Sept. 23, 2014) ..............................16

*Gulf Ins. Co. v. Glasbrenner*,
    417 F.3d 353 (2d Cir. 2005)............................................................................4, 5

*Haight v. NYU Langone Med. Ctr., Inc.*,
    No. 13-4993, 2016 WL 29628 (S.D.N.Y. Jan. 4, 2016) ......................................19

*Hall v. Fanticone*,
    322 N.J. Super. 302 (App. Div. 1999) ................................................................17

*Hardwicke v. Am. Boychoir Sch.*,
    188 N.J. 69 (2006) ..........................................................................................9

*Hernandez v. Coca Cola Refreshments USA, Inc.*,
    No. 12-234, 2013 WL 6388654 (E.D.N.Y. Dec. 6, 2013).....................................14

*Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*,
    270 F. Supp. 3d 716 (S.D.N.Y. 2017)................................................................15

*Hoffman v. Parade Publ'ns*,
    15 N.Y.3d 285, 907 N.Y.S.2d 145, 933 N.E.2d 744 (2010)..................11, 12, 13, 14

*J.H. Grp. v. Royal Rolling Chairs, LLC*,
    No. 11-1595, 2012 WL 1044498 (D.N.J. Mar. 28, 2012) ......................................9

iii

*Kouakou v. Fideliscare N.Y.*,
    920 F. Supp. 2d 391 (S.D.N.Y. 2012)............................................................................3

*Kruger v. EMFT, LLC*,
    87 A.D.3d 717, 930 N.Y.S.2d 11 (2d Dep't 2011) ...................................................18

*Lambui v. Collins*,
    No. 14-6457, 2015 WL 5821589 (E.D.N.Y. Sept. 30, 2015) ...................................14

*Lanahan v. Mut. Life Ins. Co. of N.Y.*,
    15 F. Supp. 2d 381 (S.D.N.Y. 1998),
    *aff'd mem.*, 181 F.3d 83 (2d Cir. 1999) ...................................................................11

*Lee v. E\*Trade Fin. Corp.*,
    No. 12-6543, 2013 WL 4016220 (S.D.N.Y. Aug. 6, 2013)......................................15

*Licci v. Lebanese Canadian Bank, SAL*,
    739 F.3d 45 (2d Cir. 2013).........................................................................................15

*Long Oil Heat, Inc. v. Spencer*,
    375 F. Supp. 3d 175 (N.D.N.Y. 2019) ......................................................................15

*Lutzky v. Deutsche Bank Nat'l Trust Co.*,
    No. 09-03886, 2009 WL 3584330 (D.N.J. Jan. 27, 2009).........................................9

*Luxexpress 2016 Corp. v. Gov't of Ukraine*,
    No. 15-4880, 2018 WL 1626143 (S.D.N.Y. Mar. 30, 2019)..................................4, 5

*MasterCard Int'l Inc. v. Nike, Inc.*,
    164 F. Supp. 3d 592 (S.D.N.Y. 2016).......................................................................15

*McDonnell v. Ill.*,
    319 N.J. Super. 324 (App. Div. 1999),
    *aff'd*, 163 N.J. 298 (2000).......................................................................................16

*Medicrea USA, Inc. v. K2M Spine, Inc.*,
    No. 17-8677, 2018 WL 3407702 (S.D.N.Y. Feb. 7, 2018)........................................5

*Miller v. Annuci*,
    No. 17-4698, 2019 WL 4688539 (S.D.N.Y. Sept. 26, 2019) ....................................4

*Millison v. E.I. du Pont de Nemours & Co.*,
    101 N.J. 161 (1985) ..................................................................................................16

*Monteiro v. State*,
    27 A.D.3d 1133, 810 N.Y.S.2d 714 (4th Dep't 2006)..............................................18

iv

*Montells v. Haynes*,
 133 N.J. 282 (1993) ...................................................................................9

*Morris v. UPS*,
 No. 08-2035, 2009 WL 4114391 (D.N.J. Nov. 23, 2009) ......................................17

*O'Sullivan v. N.Y. Times*,
 37 F. Supp. 2d 307 (S.D.N.Y. 1999)...........................................................10

*In re Petrobras Sec. Litig.*,
 152 F. Supp. 3d 186 (S.D.N.Y. 2016)..........................................................15

*Powell v. Verizon*,
 No. 19-8418, 2019 WL 4597575 (D.N.J. Sept. 20, 2019) ....................................17

*Ross v. Mitsui Fudosan, Inc.*,
 2 F. Supp. 2d 522 (S.D.N.Y. 1998) ............................................................16

*Royal Park Invs. v. U.S. Bank Nat'l Ass'n*,
 324 F. Supp. 3d 387 (S.D.N.Y. 2018)........................................................7, 8

*Salvatore v. KLM Royal Dutch Airlines*,
 No. 98-2450, 1999 WL 796172 (S.D.N.Y. Sept. 30, 1999) ..................................13

*Serpa v. N.J. Transit Rail Ops.*,
 401 N.J. Super. 371 (App. Div. 2008) .........................................................17

*Shepherd v. Hunterdon Dev. Ctr.*,
 174 N.J. 1 (2002) ................................................................................9

*Silvestre v. Bell Atl. Corp.*,
 973 F. Supp. 475 (D.N.J. 1997),
 *aff'd*, 156 F.3d 1225 (3d Cir. 1998) ..........................................................17

*Smith v. Exxon Mobil Corp.*,
 374 F. Supp. 2d 406 (D.N.J. 2005) ............................................................17

*Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*,
 673 F.3d 180 (2d Cir. 2012)......................................................................8

*Stevens v. N.Y.*,
 691 F. Supp. 2d 392 (S.D.N.Y. 2009)..........................................................18

*Stuart v. Am. Cyanamid Co.*,
 158 F.3d 622 (2d Cir. 1998)....................................................................7, 8

*Swarna v. Al-Awadi*,
 622 F.3d 123 (2d Cir. 2010)......................................................................16

v

*Thomas v. Ne. Theatre Corp.*,
   51 A.D.3d 588, 859 N.Y.S.2d 415 (1st Dep't 2008) ............................................18

*Tomeo v. Thomas Whitesell Constr. Co.*,
   176 N.J. 366 (2003) ............................................................................................16

*Torres v. Pisano*,
   116 F.3d 625 (2d Cir. 1997)................................................................................18

*Van v. Atl. Health Sys.*,
   No. 17-4254, 2019 WL 449199 (D.N.J. Feb. 5, 2019) ........................................17

*Vangas v. Montefiore Med. Ctr.*,
   823 F.3d 174 (2d Cir. 2016).................................................................................14

*In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*,
   No. 21-MC-102 (AKH), 2019 WL 4168993 (S.D.N.Y. Aug. 30, 2019).................6

**Statutes**

28 U.S.C. §1391(b)(2) ...........................................................................................4, 5

N.J.S.A. 2A:14-2 .......................................................................................................9

N.J.S.A. 2A:14-2(a) ..................................................................................................9

N.J.S.A. 34:15-8...........................................................................................16, 17, 18

**Rules**

Fed. R. Civ.P. 12(b)(3)...................................................................................1, 4, 6, 19

Fed. R. Civ. P. 12(b)(6) ................................................................................... *passim*

NYCPLR §202........................................................................................7, 8, 10, 11

NYCPLR §214(5) .....................................................................................................10

NYCPLR §215(3) .....................................................................................................10

FP 37033267.10

## PRELIMINARY STATEMENT

Pursuant to Rules 12(b)(3) and (6) of the Federal Rules of Civil Procedure, Defendant Fox Rothschild LLP (the "Firm") submits this Memorandum of Law in support of its Motion to Dismiss the Complaint that was filed by Plaintiff Stephanie Jones ("Plaintiff").

Plaintiff, a California resident, is a former Firm Legal Assistant, who worked at the Firm's offices in Roseland and Morristown, New Jersey. Throughout her tenure with the Firm, Plaintiff was always assigned to, and worked exclusively at, the Firm's New Jersey offices. She did not work at the Firm's offices in New York nor in any other states. Plaintiff's Complaint does not allege that she worked at any location other than the Firm's New Jersey offices. Accordingly, Plaintiff has improperly filed her Complaint in this Court and pursuant to Rule 12(b)(3), the Court should dismiss Plaintiff's Complaint for improper venue, or in the alternative transfer the case to the District of New Jersey.

Even if the Court does not dismiss or transfer the case for improper venue, most of the counts of the Complaint fail to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6). According to the Complaint, Plaintiff's employment with the Firm terminated on June 21, 2017. Over two years after the termination of her employment, on December 18, 2019, Plaintiff filed this lawsuit. Even if the Court does not dismiss the Complaint because of improper venue or transfer the case to the District of New Jersey, many of the claims asserted in the Complaint are defective as a matter of law and should be dismissed.[1]

In her Complaint, Plaintiff alleges claims under the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the New Jersey Law

---

[1] There are two Counts in the Complaint numbered V, both of which are asserted against Defendant Ian W. Siminoff. The Firm does not address them.

Against Discrimination ("NJLAD"), as well as claims for negligence and intentional infliction of emotional distress. All of these claims fail legal scrutiny for a variety of reasons and should be dismissed.

First, Plaintiff's claims under the NSHRL, NYCHRL, and NJLAD are barred by the applicable statute of limitations period, properly analyzed. Under applicable law, these claims are subject to a two-year statute of limitations period. Because Plaintiff filed her complaint more than two years after her employment with the Firm ended, all three claims are time-barred.

Similarly, Plaintiff's intentional tort claim is also barred. Under both New York and New Jersey law intentional tort claims, such as Plaintiff's claim for intentional infliction of emotional distress, are subject to a one-year statute of limitations period. Plaintiff filed her Complaint well after the one year period expired. As such, Plaintiff's intentional infliction of emotional distress claim is time-barred and should be dismissed.

Second, Plaintiff never worked for the Firm in New York. Further, the Complaint does not allege that any decisions or actions taken against Plaintiff occurred in New York. Accordingly, Plaintiff is precluded from asserting New York State and City claims and therefore all such claims should be dismissed.

Third, Plaintiff's negligence claims, whether brought under New York or New Jersey law, are barred by the exclusivity provisions of both New Jersey's and New York's workers' compensation laws. Indeed, it is basic hornbook law that New Jersey and New York employees cannot bring negligence actions against their employers due to the exclusivity provisions of such state's workers' compensation laws. Therefore, Plaintiff's negligence claims are barred and should be dismissed.

2

## STATEMENT OF ALLEGED FACTS[2]

1.      Plaintiff is a resident of the State of California.  (Compl. ¶12.)

2.      There is no indication in the Complaint that Plaintiff was ever a resident of the State of New York.

3.      On or about May 7, 1990, Plaintiff was hired by the Firm's predecessor, Grotta, Glassman & Hoffman PA ("Grotta"), as a librarian in its Roseland, New Jersey office.  (Compl. ¶17.)

4.      Grotta merged into the Firm on October 1, 2006, and Plaintiff became a paralegal at the Firm after the merger, working in its Roseland, New Jersey office.  (Compl. ¶¶18-19.)

5.      The Complaint does not allege that Plaintiff ever worked for the Firm in the State of New York or outside New Jersey at all.

6.      According to the Charge Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), she worked for the Firm at 49 Market Street, Morristown, NJ 07960.  (Ex. A to Caminiti Decl.)[3]

7.      The Complaint refers to that address as "the NJ office."  (Compl. ¶14.)

8.      The Complaint alleges Plaintiff asked Elli Albert, Office Administrator of the NJ office, "to remove her from the rotation of Simonoff's desk."  (Compl. ¶35.)

9.      The Complaint refers to Simonoff's role in the NJ office.  (Compl. ¶46.)

---

[2] As Rule 12(b)(6) requires, this Memorandum assumes the truth of the factual allegations of the Complaint solely for purposes of this motion.

[3] "Caminiti Decl." refers to the Declaration of Kathleen McLeod Caminiti, submitted herewith. The Court can consider Plaintiff's EEOC charge on a Rule 12(b)(6) motion. *E.g., Enigma Software Grp. USA, LLC v. Bleeping Computer, LLC*, 194 F. Supp. 3d 263, 295 n.27 (S.D.N.Y. 2016); *Kouakou v. Fideliscare N.Y.*, 920 F. Supp. 2d 391, 394 n.1 (S.D.N.Y. 2012).

10.    The Complaint refers to an alleged encounter in January 2015 "on the 4th floor of the NJ office."  (Compl. ¶38.)

11.    The Complaint alleges that from March 30, 2017, through July 12, 2017, Simonoff "sent over 100" text messages to Plaintiff, "some" of which were sent by Simonoff "when he was working out of the NY office defending or taking depositions."  (Compl. ¶40.)

12.    The "NY office" is the Firm's office in New York City.  (Compl. ¶14.)

13.    The Complaint alleges that Plaintiff's employment with the Firm ended on June 21, 2017.  (Compl. ¶12.)

14.    The Complaint contains no allegations of events or conduct by the Firm after that date.

15.    Plaintiff filed her Complaint on December 18, 2019.  (*See* Electronic Docket.)

## LEGAL ARGUMENT

### I.    The Complaint Should Be Dismissed for Improper Venue.

Rule 12(b)(3) permits a motion to dismiss for "improper venue."  In responding to such a motion, "the plaintiff bears the burden of establishing that venue is proper."  *Miller v. Annuci*, No. 17-4698, 2019 WL 4688539, at *7 (S.D.N.Y. Sept. 26, 2019); *accord, e.g., Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *Luxexpress 2016 Corp. v. Gov't of Ukraine*, No. 15-4880, 2018 WL 1626143, at *4 (S.D.N.Y. Mar. 30, 2019); *Fedele v. Harris*, 18 F. Supp. 3d 309, 316 (E.D.N.Y. 2014).  In support of filing the Complaint in this District, Plaintiff offers the assertion that "[v]enue is proper in this District by reason of 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Jones's claims arose in this District." (Compl. ¶9.)  That simply parrots the venue statute, which provides in pertinent part that "[a] civil action may be brought in ... a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred." 28 U.S.C. §1391(b)(2). The *factual* allegations of the Complaint, however, cannot justify laying venue in this District.

The Complaint alleges that Plaintiff is a California resident. The Complaint does not allege she ever lived in New York, or that she worked for the Firm in New York. It alleges she worked for the Firm in Roseland and Morristown, New Jersey, and Plaintiff admits she worked in the Morristown office in her EEOC Charge. The Complaint does not allege that Plaintiff experienced any impact or injury in New York resulting from the Firm's purported conduct. The only mention of New York is the allegation that of the "over 100" texts Siminoff supposedly sent to Plaintiff, "some" were allegedly sent from New York. (Compl. ¶40.)

Such a vague allegation of *de minimis* New York activity that would have affected Plaintiff – a non-New York resident and New Jersey employee – outside of New York is patently inadequate. The Second Circuit "caution[s]" district courts "to take seriously the adjective '*substantial*,'" and emphasizes they are "required to construe the venue statute *strictly*." *Glasbrenner*, 417 F.3d at 357 (emphasis added). "[O]nly those locations hosting a substantial part of the events are to be considered." *Fedele*, 18 F. Supp. 3d at 317.

The *de minimis* nature of New York contacts precludes the maintenance of this action in this District. *See, e.g., Luxexpress*, 2018 WL 1626143, at *6 ("Venue is improper in this District because, as alleged, virtually all of Defendants' actions giving rise to Plaintiff's claims occurred in Kiev, Ukraine"; granting motion to dismiss); *Medicrea USA, Inc. v. K2M Spine, Inc.*, No. 17-8677, 2018 WL 3407702, at *16 (S.D.N.Y. Feb. 7, 2018) ("Although some of the events giving rise to claims against Brown and Haugh occurred in New York," they "'substantial[ly]' took place in California" . . . "Brown and Haugh largely performed their employment agreements in California; the vast majority of the surgeries they covered were in California; and they worked

from home in California"; dismissing the two defendants from the case) (record citations omitted); *Assa Realty LLC v. Solution Grp. Corp.*, No. 17-0177, 2017 WL 2241524, at *2 (S.D.N.Y. May 22, 2017) (dismissing complaint for improper venue where, "[a]ccepting all of the allegations in plaintiff's complaint as true, almost all (if not all) of the events allegedly giving rise to plaintiff's claims occurred in Florida"); *Deufrains v. Karcauskas*, No. 12-2576, 2013 WL 4806955, at *14 (E.D.N.Y. Sept. 9, 2013) ("As almost nothing related to the alleged breach of the partnership occurred in New York, the substantial factor test cannot be met"). Accordingly, the Complaint should be dismissed for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## II. All of Plaintiff's State Law Claims Should Be Dismissed.

In the event the Court does not dismiss or transfer the case under Rule 12(b)(3), the Court should dismiss Plaintiff's state law claims pursuant to Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord, e.g., In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, No. 21-MC-102 (AKH), 2019 WL 4168993, at *10 (S.D.N.Y. Aug. 30, 2019) (Hellerstein, J.). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 550 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim has "facial plausibility" where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that

are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted).

Under this controlling standard, none of Plaintiff's state law claims can survive.

## A. Plaintiff's State-Law Claims Are Time-Barred.

"A federal court sitting in diversity or adjudicating state law claims that are pendent to a federal claim must apply the choice of law rules of the forum state." *Berlin v. JetBlue Airways Corp.*, No. 18-1545, 2020 WL 502629, at *8 (E.D.N.Y. Jan. 30, 2020) (quoting *Rogers v. Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989); citing additional cases). The state and city law claims Plaintiff attempts to state against the Firm under the NYSHRL, the NYCHRL, and the NJLAD (Counts II through IV), intentional infliction of emotional distress (Count VII), and negligence (Counts VI and VIII), are all pendent to Plaintiff's Title VII claim asserted in Count I.

In determining what statute of limitations applies, New York courts, and federal courts adjudicating state law claims in a New York forum, apply NYCPLR §202, New York's borrowing statute, which provides, for a nonresident of New York like Plaintiff, that "[a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued." *See, e.g., Berlin*, 2020 WL 502629, at *8; *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998); *Royal Park Invs. v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 399 (S.D.N.Y. 2018). What that means is that "when a nonresident plaintiff sues upon a cause of action that arose [i.e., accrued] outside of New York, the court must apply the shorter limitations period ... of either:

(1) New York; or (2) the state where the cause of action accrued." *Stuart*, 158 F.3d at 627[4]; *see also, e.g., Berlin*, 2020 WL 502629, at *8 ("CPLR §202 provides that for causes of action accruing in another state, non-resident plaintiffs will be barred from instituting suit if they are barred by the statute of limitations of either jurisdiction") (internal quotation marks omitted).

> New York's borrowing statute, N.Y. C.P.L.R. §202, guards against forum shopping by out-of-state plaintiffs by mandating the use of the *shortest* statute of limitations available. If New York's statute of limitations is shorter than the statute of limitations of the place where the cause of action accrued, New York courts should apply the local rule; if the foreign statute of limitations is shorter, then that is what controls.

*Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 673 F.3d 180, 190 (2d Cir. 2012) (court's emphasis); *see also, e.g., Barnett v. Johnson*, 839 F. Supp. 236, 239 (S.D.N.Y. 1993) (NYCPLR 202 "prevents forum shopping by nonresident plaintiffs" trying to take advantage of longer limitations periods in New York). Under the borrowing statute, "a cause of action accrues at the time and in the place of injury." *Global Fin. Corp.*, 93 N.Y.3d at 529, 693 N.Y.S.2d at 481, 715 N.E.2d at 485; *Royal Park*, 324 F. Supp. 3d at 399.

Plaintiff admits she worked for the Firm in Roseland and Morristown, New Jersey. She does not allege she ever worked for the Firm anywhere else. Therefore, any injury she alleges arose, if anywhere, in New Jersey. Plaintiff alleges her employment with the Firm ended on June 21, 2017 (Compl. ¶12), and she does not allege that anything occurred after that date. Thus, Plaintiff's state law causes of action accrued no later than June 21, 2017, and the place where they accrued was New Jersey. Under NYCPLR §202, then, Plaintiff's claims are subject to the shorter of the New York or New Jersey statute of limitations.

---

[4] "Arise" and "accrue" mean the same thing for purposes of NYCPLR §202. *See, e.g., Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.3d 525, 529, 693 N.Y.S.2d 479, 481, 715 N.E.2d 482, 484 (1999).

New Jersey's two-year statute of limitations for personal injury, N.J.S.A. 2A:14-2(a),[5] governs both NJLAD claims (asserted against the Firm in Count IV) and the tort claims Plaintiff asserts against the Firm: negligent and intentional infliction of emotional distress (Counts VI and VIII, respectively), and negligent supervision and retention (Count VII). *See, e.g., Montells v. Haynes*, 133 N.J. 282, 292 (1993) (NJLAD claims); *Shepherd v. Hunterdon Dev. Ctr.*, 174 N.J. 1, 17-18 (2002) (same); *Hardwicke v. Am. Boychoir Sch.*, 188 N.J. 69, 85 (2006) (claims for "intentional infliction of emotional distress" are "constrained by N.J.S.A. 2A:14-2, the two-year statute of limitations for tort actions"); *Campanello v. Port Auth. of N.Y. & N.J.*, 590 F. Supp. 2d 694, 699 (D.N.J. 2008); *Fraser v. Bovino*, 317 N.J. Super. 23, 34 (App. Div. 1998) ("The claims asserted for negligence and infliction of emotional distress are governed by the two-year statute of limitations contained in N.J.S.A. 2A:14-2"); *J.H. Grp. v. Royal Rolling Chairs, LLC*, No. 11-1595, 2012 WL 1044498, at *4 (D.N.J. Mar. 28, 2012) ("claims alleging negligence such as negligent hiring or supervision" are subject to the two-year statute of limitations, N.J.S.A. 2A:14-2); *Brodie v. Gloucester Twp.*, No. 11-1914, 2012 WL 295291, at *5 (D.N.J. Feb. 1, 2012) (same); *Lutzky v. Deutsche Bank Nat'l Trust Co.*, No. 09-03886, 2009 WL 3584330, at *4 (D.N.J. Jan. 27, 2009) (claim that "Defendants were negligent in hiring, retaining, supervising and overseeing their employees and supervisors," as well as other negligence claims, are time-barred under N.J.S.A. 2A:14-2, because "Plaintiffs did not bring an action within the two-year statute of limitation period") As Plaintiff filed her Complaint more than two years after June 21, 2017, under applicable law, these claims are time-barred and should therefore be dismissed.

---

[5] N.J.S.A. 2A:14-2(a) provides, in pertinent part, that "every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued."

However, even if such claims accrued under New York law – which they did not – they would also be time-barred. Under New York law, intentional torts are subject to an even shorter, one-year statute of limitations. *See* NYCPLR §215(3); *Berlin*, 2020 WL 502629, at *9 ("Under New York law, a one-year statute of limitations applies to each of the common law tort claims alleged in the PAC – battery, intentional infliction of emotional distress, false arrest, and false imprisonment"). Plaintiff filed this action more than one year after the alleged acts about which she complains occurred. Thus, Plaintiff's claims for intentional infliction of emotional distress are time-barred under New York law.

Plaintiff's negligence claims, although usually subject to a three year statute of limitation period, *see* NYCPLR §214(5), if raised under New York law would instead be subject to a two-year statute of limitation period. As set forth above, under NYCPLR §202, when a non-New York resident, such as Plaintiff, asserts a personal injury claim that occurred in a foreign jurisdiction, such as at bar, the applicable statute of limitations period is the shorter of the period in the foreign jurisdiction or New York. Because personal injury actions in New Jersey, where the alleged torts occurred, are subject to a two-year limitations period and that is less than New York's three-year period, courts must follow the shorter two-year period. *See Berlin*, 2020 WL 502629, at *8. Accordingly, for the same reasons that Plaintiff's negligence claims are time-barred under New Jersey law, they are time-barred under New York law and therefore the negligence claims should be dismissed.

The NYSHRL and NYCHRL are New York's counterparts to the NJLAD claim and construed analogously. *E.g., Devlin v. Transp. Commc'ns Int'l Union*, No. 95-0742, 2002 WL 413919, at *10 (S.D.N.Y. Mar. 14, 2002), *aff'd.*, 93 F. App'x 323 (2d Cir. 2004); *O'Sullivan v. N.Y. Times*, 37 F. Supp. 2d 307, 313 (S.D.N.Y. 1999); *Feder v. Bristol-Myers Squibb Co.*, 33 F.

Supp. 2d 319, 324 (S.D.N.Y. 1999); *Lanahan v. Mut. Life Ins. Co. of N.Y.*, 15 F. Supp. 2d 381, 383 (S.D.N.Y. 1998), *aff'd mem.*, 181 F.3d 83 (2d Cir. 1999). New Jersey's two-year statute of limitations, which governs NJLAD claims and the tort claims Plaintiff asserts, is therefore the appropriate New Jersey statute of limitations to consider under NYCPLR §202.

Because the two-year limitations period applies to Plaintiff's NYCHRL and NYSHRL claims pursuant to NYCPLR §202, these claims are also time-barred. As set forth above, Plaintiff's employment with the Firm terminated on June 21, 2017, and she did not file her Complaint until December 18, 2019 – nearly two and one-half years later. Pursuant to NYCPLR §202 the shorter of the New Jersey or New York statute of limitations applies, and since the two year limitations period under the LAD is shorter than the three year period under the NYSHRL or the NYCHRL, only that shorter two-year period is applicable. As Plaintiff filed her Complaint more than two years after the last date her employment discrimination claims could have accrued, June 21, 2017, such claims are time-barred and should be dismissed.

Accordingly, all of Plaintiff's state and city law claims are time-barred and therefore the Court should dismiss them.

### B. Plaintiff Cannot Invoke the NYSHRL or NYCHRL (Counts II and III).

A plaintiff who is not a resident of New York State and City must "plead and prove" that conduct made unlawful under the NYSHRL and NYCHRL "had an impact" on her in New York State and New York City, respectively. *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 289-92, 907 N.Y.S.2d 145, 148, 933 N.E.2d 744, 746-48, 746 (2010). Plaintiff cannot do so and therefore her NYSHRL and NYCHRL claims should be dismissed.

In *Hoffman*, defendant Parade Publications, plaintiff's employer, had its headquarters in New York City. Plaintiff, however, was "a resident of Georgia who worked with his assistant at Parade's office in Atlanta" as managing director of Parade's Newspaper Relations Group. *Id.*, 15

N.Y.3d at 288, 907 N.Y.S.2d at 146, 933 N.E.2d at 745.   After about six years of employment, Parade's president and publisher telephoned plaintiff from the company's New York City headquarters to inform him the Atlanta office was being closed and his employment was being terminated.   Plaintiff sued Parade under the NYSHRL and NYCHRL, claiming his termination was motivated by age discrimination.

The New York Court of Appeals held that as a non-New York resident and employee the plaintiff could not assert claims under the State's or the City's Human Rights Laws.   Under the NYCHRL, "the nonresident plaintiff must demonstrate that the alleged discriminatory conduct had an 'impact' within the city" and the impact must be "on the plaintiff." *Id.*, 15 N.Y.3d at 290, 907 N.Y.S.2d at 147, 933 N.E.2d at 746.   Likewise, a nonresident of New York State "must plead and prove that the alleged discriminatory conduct had an impact [on the plaintiff] in New York" State in order to assert claims under the NYSHRL.   *Id.*, 15 N.Y.3d at 291, 907 N.Y.S.2d at 148, 933 N.E.2d at 747.   In *Hoffman*, the plaintiff, a Georgia resident-employee, could not meet this requirement.

In rejecting plaintiff's NYSHRL and NYCHRL claims, the *Hoffman* court was not impressed by allegations that plaintiff "maintained constant communications with the New York City office, including personal visits to Parade's management in New York City," or that "Parade's president and publisher were based in the New York City office," or that "the decision to discharge [plaintiff] was made and communicated to him from the New York City office," or that "the alleged unlawful discriminatory act occurred in New York City by a New York City employer." *Id.*, 15 N.Y.3d at 293, 907 N.Y.S.2d at 149, 933 N.E.2d at 748 (Jones, J., dissenting).   These, the court held, demonstrated nothing more than a "tangential connection" to New York:

> According to the complaint, [plaintiff] Hoffman was neither a resident of, nor
> employed in, the City or State of New York.   Nor does Hoffman state a claim that

the alleged discriminatory conduct had any impact in either of those locations. At most, Hoffman pleaded that his employment had a tangential connection to the city and state. Therefore, Supreme Court properly dismissed Hoffman's age discrimination claims....

*Id.*, 15 N.Y.3d at 292, 907 N.Y.S.2d at 149, 933 N.E.2d at 748.

Plaintiff's claims here fare no better than Hoffman's. The Complaint alleges that Plaintiff is a California resident; the Complaint does *not* allege that Plaintiff ever resided in New York State or City. The Complaint alleges that Plaintiff worked for the Firm in Roseland and Morristown, New Jersey; it does *not* allege that she ever worked at the Firm's New York offices. In fact, the only mention of any New York connection is Plaintiff's allegation that of the "over 100" texts Siminoff supposedly sent to Plaintiff, "some" were sent from New York when Siminoff "was working out of the NY office defending or taking depositions." (Compl. ¶40.) That is far more attenuated a New York connection than the ones the New York Court of Appeals deemed "tangential" in *Hoffman*. *See also, e.g., Germano v. Cornell Univ.*, No. 03-9766, 2005 WL 2030355, at *5 (S.D.N.Y. Aug. 17, 2005) (dismissing NYCHRL claim of plaintiff who worked on Long Island, where his complaint alleged "[d]efendants discriminated against him at four meetings and dinners that took place in New York City at which [one of the defendants] harassed and pressured him to retire": plaintiff "only felt the impact of that discrimination in his place of occupation, Long Island, not New York City"); *Salvatore v. KLM Royal Dutch Airlines*, No. 98-2450, 1999 WL 796172, at *17 (S.D.N.Y. Sept. 30, 1999) (dismissing NYCHRL claims because, "while the alleged remarks and conduct may have originated within the boundaries of New York City, plaintiffs have failed to allege that the whole or substantial part of the discrimination occurred in New York City," and "the impact of the conduct, if any, was felt on their employment in Westchester County"; "[p]laintiffs' tangential contacts with New York City ... cannot support claims under the City HRL"); *Benham v. eCommission Solutions, LLC*, 118 A.D.3d 605, 606, 989

N.Y.S.2d 20, 21 (1st Dep't 2014) ("Because the alleged conduct occurred while plaintiff was physically situated outside of New York, none of her concrete allegations of harassing behavior or other discriminatory conduct had the 'impact' on plaintiff in New York required to support claims under the State and City HRL"); *Lambui v. Collins*, No. 14-6457, 2015 WL 5821589, at *4 (E.D.N.Y. Sept. 30, 2015) ("[I]t is the site of impact, not the place of origination, that determines where discriminatory acts occur"); *Doner-Hendrick v. N.Y. Inst. of Tech.*, No. 11-121, 2011 WL 2652460, at *8 (S.D.N.Y. July 6, 2011) ("The relevant 'impact' within the State that a plaintiff must plead (and . . . prove) is the direct effect of a discriminatory act on a protected individual[,] giving rise to a cause of action for that individual"); *Hernandez v. Coca Cola Refreshments USA, Inc.*, No. 12-234, 2013 WL 6388654, at *1 (E.D.N.Y. Dec. 6, 2013) ("I reject plaintiff's efforts to bring a claim under the [NY]CHRL. He did not work in New York City and there is no indication in the record that he had ever been there in connection with his work"); *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182-83 (2d Cir. 2016) (Where plaintiff lived on Cornwall on Hudson and worked for defendant-employer in Yonkers, she could not state a claim for wrongful termination under NYCHRL by alleging "she spoke with patients in NYC on the phone and those patients were impacted when she no longer worked with them.... Under the NYCHRL the impact of the employment action must be felt *by the plaintiff* in NYC") (court's emphasis).; *Fried v. LVI Servs., Inc.*, 500 F. App'x 39, 42 (2d Cir. 2012) (plaintiff's NYCHRL claim fails where plaintiff "at all times relevant to his complaint lived and worked in Connecticut," since "those who are meant to be protected [are] those who work in the city"; allegations that plaintiff "frequently communicated with LVI's New York headquarters and attended meetings in New York City regarding local projects," and that the "decision to reassign his work duties was made in New York" were "insufficient" under *Hoffman*).

Plaintiff is not a New York resident. Plaintiff worked for the Firm exclusively in New Jersey. Plaintiff does not allege that the impact of any employment action was felt by her in New York. Accordingly, Plaintiff cannot state a claim under either the State's or the City's Human Rights Law. Thus, even if they were not time-barred, Counts II and III of the Complaint would still be subject to dismissal under Rule 12(b)(6).

## C. Plaintiff Cannot Assert Claims Under New York Tort Law (Counts VI Through VIII).

New York courts use an "interest-analysis approach" in determining what state's law applies to a tort claim: "The law of the jurisdiction having the greatest interest in the litigation will be applied." *Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013). Under this approach, alleged torts are deemed to occur "in the place where the injury was inflicted, which is generally where the plaintiffs are located." *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, 270 F. Supp. 3d 716, 725 (S.D.N.Y. 2017); *Long Oil Heat, Inc. v. Spencer*, 375 F. Supp. 3d 175, 194-95 (N.D.N.Y. 2019) ("Under New York law, the locus of a tort is generally defined as the place of the injury") (internal quotation marks omitted); *In re Petrobras Sec. Litig.*, 152 F. Supp. 3d 186, 196 (S.D.N.Y. 2016) ("Under New York law, when the defendant's tortious conduct occurs in one jurisdiction and the plaintiff's injuries are suffered in another, the place of the wrong is determined by where the plaintiff's injuries occurred") (internal quotation marks, brackets, & ellipsis omitted); *MasterCard Int'l Inc. v. Nike, Inc.*, 164 F. Supp. 3d 592, 605 (S.D.N.Y. 2016) ("[W]here negligent conduct occurs in one jurisdiction but the plaintiff's injuries are suffered in another, the situs of the tort is where the last event necessary for liability occurred").

This axiom dictates that New Jersey law applies here, something even more emphatically the case because all of the alleged tortious conduct took place while Plaintiff was in New Jersey. *See, e.g., Lee v. E\*Trade Fin. Corp.*, No. 12-6543, 2013 WL 4016220, at \*6 n.9 (S.D.N.Y. Aug.

15

6, 2013) ("[U]nder the choice-of-law analysis applied by New York courts, the substantive law of New Jersey, where nearly all the events that gave rise to [plaintiff's] claims took place and where the property at issue is located, governs here"); *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-3291, 2014 WL 4742509, at *17 (E.D.N.Y. Sept. 23, 2014) (holding New Jersey law applies where "nearly all events giving rise to Plaintiff's claims occurred in New Jersey"). The only mention of a New York connection is the allegation that of the "over 100" texts Siminoff allegedly sent to Plaintiff, "some" were sent when Siminoff "was working out of the NY office defending or taking depositions." (Compl. ¶40.) That is obviously insufficient under the case law.[6]

Accordingly, Plaintiff's common law claims against the Firm fail to state a claim under New York law and they should be dismissed.

### D. The Exclusivity Provisions of Both New Jersey's and New York's Workers' Compensation Laws Preclude the Assertion of Negligence Claims (Counts VI and VIII).

#### 1. New Jersey.

Plaintiff's negligence claims are barred by the New Jersey Workers' Compensation Act's exclusivity provision, N.J.S.A. 34:15-8, which precludes tort claims against employers, "except for an intentional wrong." "[N]either negligence nor gross negligence can satisfy the 'intentional wrong' requirement of N.J.S.A. 34:15-8." *Tomeo v. Thomas Whitesell Constr. Co.*, 176 N.J. 366, 376-77 (2003); *accord, e.g., Millison v. E.I. du Pont de Nemours & Co.*, 101 N.J. 161, 178 (1985); *see also, e.g., McDonnell v. Ill.*, 319 N.J. Super. 324, 341 (App. Div. 1999) ("Plaintiff's negligence

---

[6] Moreover – and this is no small point – the Complaint alleges that Siminoff's texts were sexual in nature. Such conduct cannot be imputed to the Firm, as Siminoff's employer, since "sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context." *Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998); *accord, e.g., Swarna v. Al-Awadi*, 622 F.3d 123, 144-45 (2d Cir. 2010).

claim" against his former employer for failure to promote and termination "is barred by the Workers' Compensation Statute"), *aff'd*, 163 N.J. 298 (2000); *Serpa v. N.J. Transit Rail Ops.*, 401 N.J. Super. 371, 377 (App. Div. 2008) ("Plaintiff was precluded from suing [his] employer ... for negligence due to the workers' compensation bar of N.J.S.A. 34:15-8"); *Hall v. Fanticone*, 322 N.J. Super. 302, 309 (App. Div. 1999) ("the Workers' Compensation Act barred this common law negligence action against" plaintiff's employer).

Dressing up a negligence claim with additional verbiage, like "infliction," "supervision," and "retention," does not make the claim any more viable. *See, e.g., Powell v. Verizon*, No. 19-8418, 2019 WL 4597575, at *12 (D.N.J. Sept. 20, 2019) (dismissing, as barred by New Jersey Worker's Compensation Act, claims for negligent infliction of emotional distress, negligent hiring, negligent supervision, negligent retention, failure to warn/misrepresentation, and gross negligence, and observing that the Act bars negligence claims "regardless of the kind of injury alleged"); *Van v. Atl. Health Sys.*, No. 17-4254, 2019 WL 449199, at *2 (D.N.J. Feb. 5, 2019) (refusing reconsideration of dismissal of "Plaintiff's negligent retention/failure to train claim because under New Jersey law an action in negligence against an employer is barred by the New Jersey Workers Compensation Act, N.J.S.A. §34:15-8") (internal quotation marks omitted); *Morris v. UPS*, No. 08-2035, 2009 WL 4114391, at *3-4 (D.N.J. Nov. 23, 2009) (Act's exclusivity provision bars plaintiff's "three negligence claims: negligent hiring and supervision, negligent infliction of emotional distress, and a general negligence claim"); *Silvestre v. Bell Atl. Corp.*, 973 F. Supp. 475, 486 (D.N.J. 1997) (claims of negligent hiring, supervision, and training of "supervisory employees" barred by Workers' Compensation Act), *aff'd* 156 F.3d 1225 (3d Cir. 1998); *Smith v. Exxon Mobil Corp.*, 374 F. Supp. 2d 406, 424 (D.N.J. 2005) (Plaintiff's "claims for negligent

infliction of emotional distress ... will be dismissed.  The New Jersey Workers' Compensation Act, N.J.S.A. §34:15-8, provides the exclusive remedy").

Plaintiff's attempt to state negligence claims accordingly fails for the additional reason that they are barred by the New Jersey Workers' Compensation Act.  For this reason, too, Counts VI and VIII fail to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6).

## 2. New York.

While there is no basis for the application of New York tort law here, it is worth noting that, as in New Jersey, common law negligence claims in New York are likewise "precluded by the exclusive remedy provisions of New York's Workers' Compensation statute." *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 138 (2d Cir. 2001) (citing N.Y. Workers' Comp. Law §§29(6), 11); *Corrado v. N.Y. Unified Court Sys.*, 163 F. Supp. 3d 1, 26 (E.D.N.Y. 2016) ("It is well settled within the Second Circuit that common law negligence claims are barred by the New York Workers' Compensation Law") (internal quotation marks & brackets omitted), *aff'd*, 698 F. App'x 36 (2d Cir. 2017); *Torres v. Pisano*, 116 F.3d 625, 640 (2d Cir. 1997) ("[A] claim of common law negligence against an employer is barred by workers compensation").

Thus, "in New York a plaintiff cannot bring a claim of negligent infliction of emotional distress against h[er] employer." *Stevens v. N.Y.*, 691 F. Supp. 2d 392, 397 (S.D.N.Y. 2009); *accord, e.g., Gallo v. Alitalia-Linee Airee Italiane-Societa per Azioni*, 585 F. Supp. 2d 520, 554 (S.D.N.Y. 2008); *Kruger v. EMFT, LLC*, 87 A.D.3d 717, 718-19, 930 N.Y.S.2d 11, 13 (2d Dep't 2011); *Thomas v. Ne. Theatre Corp.*, 51 A.D.3d 588, 589, 859 N.Y.S.2d 415, 417 (1st Dep't 2008); *Monteiro v. State*, 27 A.D.3d 1133, 810 N.Y.S.2d 714 (4th Dep't 2006).

The same is true of "negligent retention and supervision claims." *Ferris*, 277 F.3d at 137-38; *see also, e.g., Torres*, 116 F.3d at 640 (claim "under the common law of negligence" for

18

"failure to supervise . . . and to prevent the establishment of a hostile working environment" is "barred by New York's Workers' Compensation law"); *Corrado*, 163 F. Supp. 3d at 26 (granting motion "to dismiss the negligent supervision claim on the ground that it is precluded by the New York Workers' Compensation Law"); *Haight v. NYU Langone Med. Ctr., Inc.*, No. 13-4993, 2016 WL 29628, at *6 (S.D.N.Y. Jan. 4, 2016) ("Defendants are entitled to summary judgment" on claim for "negligent supervision and retention" as "it is preempted by New York's Workers' Compensation statute").

Thus, even if plaintiff could properly assert claims under New York law, the New York Workers' Compensation Law's exclusivity provision bars Plaintiff's attempt to state negligence claims against the Firm and all such claims should be dismissed.

## CONCLUSION

For the reasons set forth above, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, the Complaint should either be dismissed for improper venue or transferred to the District of New Jersey. As an alternative, as set forth above, pursuant to Rule 12(b)(6), all of Plaintiff's state law claims are deficient and should be dismissed with prejudice.

**FISHER PHILLIPS LLP**
Attorney for Defendant Fox Rothschild LLP

By:   *s/ Kathleen McLeod Caminiti*
       KATHLEEN McLEOD CAMINITI, ESQ.
       FISHER PHILLIPS LLP
       430 Mountain Avenue, Suite 303
       Murray Hill, New Jersey 07974
       (908) 516-1050 (phone)
       (908) 516-1051 (fax)
       E-Mail:  kcaminiti@fisherphillips.com

       FISHER PHILLIPS LLP
       The New York Times Building
       620 Eighth Avenue, 36th Floor
       New York, New York  10018

FP 37033267.10

ROSEMARY S. GOUSMAN, ESQ.
(*pending pro hac vice*)
FISHER & PHILLIPS, LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
(908) 516-1050 (phone)
(908) 516-1051 (fax)
E-Mail: rgousman@fisherphillips.com

*Attorneys for Defendant Fox Rothschild LLP*

Dated: February 15, 2020

FP 37033267.10