## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

STEPHANIE JONES,

     Plaintiff,

v.

FOX ROTHSCHILD LLP and
IAN W. SIMINOFF,

     Defendants.

-------------------------------------------------------------x

Case No. 1:19-cv-11573

Motion to Dismiss Plaintiff's
Complaint

## DEFENDANT IAN W. SIMINOFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................iii

PRELIMINARY STATEMENT .......................................................................... 1

FACTUAL BACKGROUND ............................................................................. 3

ARGUMENT ................................................................................................... 4

    I.    Legal Standards ............................................................................. 4

        A.  Dismissal Under Rule 12(b)(6) ...................................................... 4

        B.  Dismissal Under Rule 12(b)(1) ...................................................... 5

        C.  Dismissal Under Rule 12(b)(3) ...................................................... 5

    II.   The Claims Against Mr. Siminoff Must Be Dismissed As a Matter
        Of Law ......................................................................................... 6

        A.  Plaintiff's Title VII Claim Must Be Dismissed Pursuant To Rule 12(b)(6)
            Because There Is No Individual Liability Under Title VII .................... 6

        B.  Plaintiff's Claims Under The Human Rights Laws Must Be Dismissed
            Pursuant To Rule 12(b)(1) And Rule 12(b)(6) Because Plaintiff Did Not
            Work Or Experience Any Discriminatory Impact In New York State Or
            New York City.................................................................................. 7

        C.  Plaintiff's Claim Under The NJLAD Must Be Dismissed
            As Time-Barred.............................................................................. 10

        D.  Plaintiff's Common Law Claims Must Be Dismissed ....................... 11

            1. Plaintiff's Claims For Assault, Battery and IIED Are
               Time-Barred ...................................................................... 12

            2. Plaintiff's Claim For NIED Is Time-Barred ............................. 13

            3. Plaintiff's Claim For NIED Is Barred By The Workers'
               Compensation Laws In New York And New Jersey ............... 14

E.  Leave to Amend Should Be Denied Because Any Attempt To Further Pursue Plaintiff's Claims Against Mr. Siminoff Would Be Futile ........ 15

III.   This Case Should Be Dismissed Because Venue Is Not Proper In The Southern District Of New York ......................................................... 16

CONCLUSION ............................................................................................. 17

## TABLE OF AUTHORITIES

Cases                                                                     Page(s)

AB ex rel. EF v. Rhinebeck Cent. Sch. Dist.,
361 F. Supp. 2d 312 (S.D.N.Y. 2005) ........................................... 13

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ....................................................................... 4

Ashjari v. Nynex Corp.,
182 F.3d 898 (2d Cir. 1999) ......................................................... 12

Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,
968 F.2d 196 (2d Cir. 1998) ........................................................... 5

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ....................................................................... 4

Ditzel v. University of Med. & Dentistry,
962 F. Supp. 595 (D.N.J. 1997) ................................................... 14

Fischman v. Mitsubishi Chem. Holdings Am., Inc.,
No. 18-CV-8188 (JMF), 2019 U.S. Dist. LEXIS 115616
(S.D.N.Y. July 11, 2019) ................................................................ 15

Fried v. LVI Servs., Inc.,
No. 10 Civ. 9308, 2011 U.S. Dist. LEXIS 115839
(S.D.N.Y. Oct. 4, 2011) .............................................................. 7, 9

Gagliardi v. Trapp,
221 A.D.2d 315 (2d Dep't. 1995) ................................................. 15

Gallagher v. Dir. Guild of Am.,
144 A.D.2d 261 (1st Dep't 1988) ................................................. 13

Gok v. Ports Am., Inc.,
No. 15-3468, 2015 U.S. Dist. LEXIS 108636
(D.N.J. Aug. 17, 2015) ................................................................. 15

Gulf Ins. Co. v. Glasbenner,
417 F.3d 353, 357 (2d Cir. 2005) .............................................. 5, 17

Hardwick v. Auriemma,
116 A.D.3d 465 (App. Div. 1st Dep't 2014) ................................... 9

Henry v. New Jersey Dept. of Human Services,
204 N.J. 320 (2010) ................................................................. 10

Hoffman v. Parade Publs.,
15 N.Y.3d 285 (2010) ...................................................... 7, 10, 16

Hutchison v. Deutsche Bank Sec. Inc.,
647 F.3d 479 (2d Cir. 2011) ....................................................... 15

Illas v. Gloucester County Sheriff's Dept.,
No. 14-4061, 2015 U.S. Dist. LEXIS 21753
(D.N.J. Feb. 24, 2015) ............................................................... 10

Kachur v. WMC Mortg. Corp.,
Civ. No. 18-15111, 2019 U.S. Dist. LEXIS 137214
(D.N.J. Aug. 19, 2019) ............................................................... 13

Lambui v. Collins,
No. 14-CV-6457(JS)(AYS), 2015 U.S. Dist. LEXIS 136329
(E.D.N.Y. Sept. 30, 2015) ............................................................ 9

Lore v. City of Syracuse,
670 F.3d 127 (2d Cir. 2012) .................................................... 6, 16

Makarova v. United States,
201 F.3d 110 (2d Cir. 2000) ......................................................... 5

Manning v. Nandor Techs., Inc.,
No. 1:17-cv-01671-GHW, 2019 US Dist. LEXIS 42862
(S.D.N.Y. Mar. 13, 2019) ............................................................ 10

Marinac v. Mondelez Int'l, Inc.,
No. 2:14-7606-WJM-MF, 2019 U.S. Dist. LEXIS 117743
(D.N.J. July 12, 2019) .......................................................... 7, 8, 9

Mejia v. White Plains Self Storage Corp.,
No. 18-CV-12189, 2020 U.S. Dist. LEXIS 7807
(S.D.N.Y Jan. 16, 2020) ............................................................... 9

Mikolaenko v. N.Y. Univ.,
No. 16 Civ. 413, 2017 U.S. Dist. LEXIS 146776
(S.D.N.Y. Sept. 7, 2017) ............................................................. 16

Montells v. Haynes,
133 N.J. 282 (N.J. 1993) ............................................................................. 10

Montero v. City of Yonkers,
890 F.3d 386 (2d Cir. 2018) ......................................................................... 4

Morrison v. Nat'l Australia Bank Ltd.,
547 F.3d 167 (2d Cir. 2008) ......................................................................... 5

Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.,
No. 15 CV 293-LTS-RWL, 2019 U.S. Dist. LEXIS 167845
(S.D.N.Y. Sep. 27, 2019) ............................................................................. 12

Nappi v. Holland Christian Home Ass'n,
No. 11-2832, 2015 U.S. Dist. LEXIS 112537
(D.N.J. Aug. 21, 2015) ............................................................................... 11

Nieblas-Love v. N.Y.C. Haus. Auth.,
165 F. Supp. 3d 51 (S.D.N.Y. 2016) ...................................................... 14, 15

Omogbehin v. Dimensions Int'l, Inc.,
No. 08-3939, 2009 U.S. Dist. LEXIS 63222
(D.N.J. July 22, 2009) ............................................................................... 11

Patterson v. Cty. of Oneida, N.Y.,
375 F.3d 206 (2d Cir. 2004) ......................................................................... 6

Powell v. Verizon,
No. 19-8418, 2019 U.S. Dist. LEXIS 161552
(D.N.J. Sept. 20, 2019) .............................................................................. 15

Rice v. Scudder Kemper Invs., Inc.,
No. 01 CV 7078, 2003 U.S. Dist. LEXIS 14239
(S.D.N.Y. Aug. 14, 2003) ............................................................................. 7

Rich v. New Jersey,
Civil Action No. 14-2075 (FLW)(DEA), 2015 U.S. Dist. LEXIS 61683
(D.N.J. March 12, 2015) ............................................................................... 6

Robinson v. N. Am. Composites,
No. 15-8702, 2017 U.S. Dist. LEXIS 86223
(D.N.J. June 6, 2017) ................................................................................. 11

Salvatore v. KLM Royal Dutch Airlines,
No. 98-CV-2450, 1999 U.S. Dist. LEXIS 15551
(S.D.N.Y. Sept. 30, 1999) .............................................................................. 8

Sawyer v. Wight,
196 F. Supp. 2d 220 (E.D.N.Y. 2002) .......................................................... 13

Shah v. Wilco Sys., Inc.,
27 A.D.3d 169 (1st Dep't 2005) ..................................................................... 8

Shipping Fin. Servs. Corp. v. Drakos,
140 F.3d 129 (2d Cir. 1998) .......................................................................... 5

Smith v. Exxon Mobil Corp.,
374 F. Supp. 2d 406 (D.N.J. 2005) ......................................................... 14, 15

Stadnick v. Vivint Solar, Inc.,
861 F.3d 31 (2d Cir. 2017) ............................................................................ 4

Starr v. Sony BMG Music Entm't,
592 F.3d 314 (2d Cir. 2010) .......................................................................... 5

Swierkiewicz v. Sorema, N.A.,
534 U.S. 506 (2002) ...................................................................................... 5

Wrighten v. Glowski,
232 F.3d 119 (2d Cir. 2000) .......................................................................... 6

Yaba v. Cadwalader, Wickersham & Taft,
931 F. Supp. 271 (S.D.N.Y. 1996) .............................................................. 14

## Statutes

28 U.S.C. § 1391 ..................................................................................... 5, 17

N.J. Stat. Ann. § 34:15-8 ............................................................................. 14

N.J. Stat. Ann. § 2A:14-2(a) ........................................................................ 13

N. Y. Workers' Comp. L. § 11 ....................................................................... 14

N.Y. Workers' Comp. L. § 29(6) ................................................................... 14

<u>Other Authorities</u>

N.Y. Civ. Prac. L. & R. § 202 ............................................................................ 12

N.Y. Civ. Prac. L. & R. § 214 ............................................................................ 13

N.Y. Civ. Prac. L. & R. § 215(3) ....................................................................... 12

Defendant Ian W. Siminoff submits this Memorandum of Law in support of his Motion to Dismiss the Complaint ("Complaint" or "Compl.") with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") 12(b)(3) ("Rule 12(b)(3)"), and 12(b)(6) ("Rule 12(b)(6)").

The Complaint should be dismissed in its entirety against Mr. Siminoff because (i) there is no individual liability under Title VII of the Civil Rights Act of 1964 ("Title VII"); (ii) Plaintiff did not experience any discriminatory impact in New York City or State, and therefore, there is no jurisdiction for her claims under the New York State Human Rights Law ("NYSHRL") or New York City Human Rights Law ("NYCHR" and, with the NYSHRL, the "Human Rights Laws"); (iii) Plaintiff's claim under the New Jersey Law Against Discrimination ("NJLAD") is time-barred; and (iv) Plaintiff's common-law tort claims are time-barred and/or barred under the New York and New Jersey workers' compensation laws.  Moreover, the dismissal should be with prejudice because any amendment of the Complaint would be futile.

Finally, pursuant to Rule 12(b)(3), the Court should dismiss this case because the Southern District of New York is not the proper venue for this action.

## PRELIMINARY STATEMENT

Over a nearly four-year period, Mr. Siminoff and Plaintiff Stephanie Jones ("Plaintiff") had a consensual relationship during which they exchanged text messages, engaged in consensual physical contact, and routinely met for meals and drinks, including at the insistence of Plaintiff.  That relationship ended in June 2017, around the time of Plaintiff's June 2017 termination by Defendant Fox Rothschild

LLP ("Fox").  Mr. Siminoff was not consulted with or involved in the decision to terminate Plaintiff's employment.

Now, more than two years after the termination of her employment, and primarily in reliance on an obviously cherry-picked sample of the thousands of text messages she exchanged with Mr. Siminoff, Plaintiff tries to recast her consensual relationship with Mr. Siminoff and brings baseless claims of sexual harassment.  As set forth below, each and every claim against Mr. Siminoff must be dismissed as clearly unsupported by the law or because it is time-barred.

First, Plaintiff's claim against Mr. Siminoff under Title VII (Count I) fails because there is no individual liability under Title VII.  Second, Plaintiff's claims under the Human Rights Laws (Counts II and III) fail because Plaintiff is not covered by those statutes because she worked and lived exclusively in New Jersey during the relevant time period and, therefore, did not experience the impact of any alleged discrimination or harassment within the boundaries of New York State or New York City.   Third, Plaintiff's claim against Mr. Siminoff under the NJLAD (Count V) is untimely because it was not brought within two years of any allegedly adverse employment action or harassment.  Fourth, her common-law tort claims (Counts V-VII) are barred by the statute of limitations and/or fail because they are barred by the New York and New Jersey workers' compensation laws.[1]

---

[1] The Complaint pleads two Count Vs.  For purposes of clarity, we refer to the NJLAD claim against Mr. Siminoff as First Count V and the assault and battery claim as Second Count V.  The Complaint also pleads Counts IV (violation of the NJLAD) and VIII (Negligent Supervision and Retention) against Defendant Fox only, and so those claims are not addressed in this motion.

Finally, because Plaintiff lived and worked in New Jersey during the relevant time period and does not allege that she ever experienced any discrimination or harassment within the boundaries of New York State or New York City, her assertion that this case should be heard in the Southern District of New York is without merit, and this case should be dismissed on grounds that venue is improper.

## FACTUAL BACKGROUND[2]

Plaintiff was employed by Fox or its predecessors from May 7, 1990 until her termination on June 21, 2017.  Compl., ¶¶ 12, 19.  Although she is currently a resident of California (id., ¶ 12), Plaintiff worked exclusively in New Jersey throughout her employment.  See id., ¶ 17, 35.  She was working as a legal assistant, supporting Fox Partner Michael Barabander, at the time her employment was terminated.  See id., ¶¶ 5, 22.  At no time since 2013 was she regularly assigned to work for Mr. Siminoff, who was not a Partner and who had his own legal assistant.  See id., ¶¶ 15, 22, 24, 29.

Plaintiff alleges that beginning in January 2014, Mr. Siminoff sexually harassed her while she was working in New Jersey, including by making improper comments, sending texts, and touching her without her consent.  See, e.g., id., ¶¶ 26, 30, 38. Plaintiff does not allege that she lived or worked in New York State or New York City during the relevant time period or that she ever experienced any inappropriate behavior by Mr. Siminoff while she was in New York State or New York

---

[2] Defendant assumes the facts alleged in the Complaint to be true solely for purposes of this motion to dismiss.

City.   Indeed, her only allegation with respect to New York State or New York City is that Mr. Siminoff allegedly sent her "some" inappropriate texts, which she does not identify, while <u>he</u> allegedly was in New York City.  <u>See id.</u>, ¶ 40.

Plaintiff filed the Complaint on December 19, 2019, nearly two-and-a-half years after her employment was terminated by Fox (on June 21, 2017).  <u>See id.</u>, ¶ 12.  Plaintiff alleges that she timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue ("Notice"), but she does not provide the date of the filing with the EEOC and did not attach the Notice to the Complaint.

<u>ARGUMENT</u>

I.   <u>Legal Standards</u>

A.   <u>Dismissal Under Rule 12(b)(6)</u>

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, <u>Montero v. City of Yonkers</u>, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions." <u>Stadnick v. Vivint Solar, Inc.</u>, 861 F.3d 31,

4

35 (2d Cir. 2017) (quoting <u>Starr v. Sony BMG Music Entm't</u>, 592 F.3d 314, 321 (2d Cir. 2010)). A court should dismiss a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 514 (2002) (citations omitted).

**B.    Dismissal Under Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). A court must accept as true the factual allegations contained in the Complaint, but it must not draw argumentative inferences in favor of Plaintiff because subject matter jurisdiction must be shown affirmatively. <u>See</u> <u>Morrison v. Nat'l Australia Bank Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008); <u>Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.</u>, 968 F.2d 196, 198 (2d Cir. 1998); <u>Shipping Fin. Servs. Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir. 1998). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. <u>Morrison</u>, 547 F.3d at 170.

**C.    Dismissal Under Rule 12(b)(3)**

Venue is proper in a judicial district "in which a substantial part of the event or omissions giving rise to the claim occurred, or a substantial part of that property that is the subject of the action is situated." 28 U.S.C. § 1391. Courts are "required to construe the venue statute strictly." <u>Gulf Ins. Co. v. Glasbenner</u>, 417 F.3d 353, 357 (2d Cir. 2005) (for venue to be proper, "significant events or

omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere"). The plaintiff bears the burden of demonstrating that venue is proper when served with a motion to dismiss under Fed. R. Civ. P. 12(b)(3). See id., 417 F.3d at 355.

## II.     The Claims Against Mr. Siminoff Must Be Dismissed As A Matter Of Law

### A.     Plaintiff's Title VII Claim Must Be Dismissed Pursuant To Rule 12(b)(6) Because There Is No Individual Liability Under Title VII

Plaintiff's Title VII claim against Mr. Siminoff – an individual who was, like Plaintiff, an employee of Fox – must be dismissed as it is well-settled law that "Title VII does not impose liability on individuals." Lore v. City of Syracuse, 670 F.3d 127, 169 (2d Cir. 2012) (collecting cases); see also Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004) (noting that "individuals are not subject to liability under Title VII") (quoting Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam)); Rich v. New Jersey, Civil Action No. 14-2075 (FLW)(DEA), 2015 U.S. Dist. LEXIS 61683, *24-25 (D.N.J. March 12, 2015) (dismissing claims brought against individuals in both their individual and official capacities, noting that "Third Circuit jurisprudence is clear that individual employees, including supervisors, are not subject to liability under Title VII") (collecting cases). Thus, Count I brought against Mr. Siminoff must be dismissed with prejudice.

**B.    Plaintiff's Claims Under The Human Rights Laws Must Be Dismissed Pursuant To Rule 12(b)(1) And Rule 12(b)(6) Because Plaintiff Did Not Work Or Experience Any Discriminatory Impact In New York State Or New York City**

Whether a person can invoke the protections of the NYCHRL and the NYSHRL turns on whether the individual worked in New York State or New York City such that the impact of any alleged discrimination was experienced by the person within the boundaries of New York State or New York City.  See Hoffman v. Parade Publs., 15 N.Y.3d 285, 289 (2010) ("nonresidents of the city and state must plead and prove that the alleged discriminatory conduct had an impact within those respective boundaries"); see also Fried v. LVI Servs., Inc., No. 10 Civ. 9308, 2011 U.S. Dist. LEXIS 115839, *40 (S.D.N.Y. Oct. 4, 2011) ("The NYCHRL expressly limits the applicability of its protections to acts that occur within the boundaries of New York City."); Marinac v. Mondelez Int'l, Inc., No. 2:14-7606-WJM-MF, 2019 U.S. Dist. LEXIS 117743, *6 (D.N.J. July 12, 2019) (holding that a plaintiff can state a claim under the Human Rights Laws only where he "suffered the 'impact' of discrimination" in New York).  For these reasons, "a nonresident must plead and prove that the alleged discriminatory conduct had an impact in New York."  Hoffman, 15 N.Y.3d at 291 (noting that the focus on impact "confines the protections of the NYCHRL to those who are meant to be protected – those who work in the city" and further noting that the NYSHRL only offers its protection to "inhabitants and persons within the state, meaning that those who work in New York fall within the class of persons who may bring discrimination claims in New York"); see also Rice v. Scudder Kemper Invs., Inc., No. 01 CV 7078, 2003 U.S. Dist. LEXIS 14239 (S.D.N.Y. Aug.

14, 2003) (holding that in order to state a claim under NYSHRL, a non-resident plaintiff must show that he was discriminated against in New York).

The relevant inquiry, therefore, is whether a plaintiff experienced the impact of the alleged harassment or discrimination while working in New York.  If not, the location of the alleged bad actor, or whether the employer had an office in New York, is of no significance.  Here, Plaintiff, a resident of California, does not plead that she worked in New York State or New York City. In fact, Plaintiff explicitly states that she worked in Fox's "Roseland office" in New Jersey.  See Compl., ¶¶ 17-19.  Moreover, when Plaintiff does offer a location related to Mr. Siminoff's alleged misconduct, the conduct always allegedly occurs in New Jersey. See id., ¶¶ 26, 30, 35, and 38.  Plaintiff, therefore, was employed in New Jersey, and the "impact" of any allegedly discriminatory conduct would necessarily be felt in New Jersey, the location of her employment.  See Shah v. Wilco Sys., Inc., 27 A.D.3d 169, 176 (1st Dep't 2005) ("[T]he locus of the decision to terminate here is of no moment. What is significant is where the impact is felt. Thus, even if the termination decision had been made in New York City, the NYCHRL would not apply since its impact on [plaintiff] occurred in New Jersey, not within the five boroughs.");  Salvatore v. KLM Royal Dutch Airlines, No. 98-CV-2450, 1999 U.S. Dist. LEXIS 15551, *50 (S.D.N.Y. Sept. 30, 1999). ("The fact that certain acts leading to discrimination may occur in New York City will not necessarily give rise to a claim under the [NYCHRL].");  Marinac, 2019 U.S. Dist. LEXIS 117743, at *6.

8

The only allegation that touches on New York is the claim that Mr. Siminoff sent "some" texts, which Plaintiff does not identify, "when he was working out of the NY office," Compl., ¶ 40 (emphasis added), but because Plaintiff was employed in New Jersey, the impact of the alleged harassment was in New Jersey, not New York.[3]   Mr. Siminoff's location is simply not relevant.  See Hardwick v. Auriemma, 116 A.D.3d 465, 467 (App. Div. 1st Dep't 2014) (stating that for the Human Rights Laws to apply, "it is the place where the impact of the alleged discriminatory conduct is felt that controls . . .."); see also Lambui v. Collins, No. 14-CV-6457(JS)(AYS), 2015 U.S. Dist. LEXIS 136329, *13 (E.D.N.Y. Sept. 30, 2015) ("it is the impact of the adverse action, and not the location where acts leading to the discrimination occur that gives rise to a claim"); Marinac, 2019 U.S. Dist. LEXIS 117743, at *6.

Because Plaintiff worked in New Jersey at all relevant times, and, therefore, did not experience the impact of any alleged discrimination or harassment within New York State or New York City, her claims under the Human Rights Laws must be dismissed.  See, e.g., Mejia v. White Plains Self Storage Corp., No. 18-CV-12189, 2020 U.S. Dist. LEXIS 7807, *9 (S.D.N.Y Jan. 16, 2020) (dismissing NYCHRL claim because the plaintiff had not "alleged any facts indicating that the impact of the alleged discrimination occurred within the bounds of the City"); Fried, 2011 U.S. Dist. LEXIS 115839, at *42 (dismissing NYCHRL claim because the

---

[3] Moreover, the fact that Plaintiff does not identify the content of the texts that were sent from New York makes it impossible to even determine whether the alleged texts were, in fact, sexual or allegedly harassing.

plaintiff was a resident of Connecticut and did not work in New York City); Manning

v. Nandor Techs., Inc., No. 1:17-cv-01671-GHW, 2019 US Dist. LEXIS 42862, *13

(S.D.N.Y. Mar. 13, 2019) (dismissing NYCHRL claim and finding the claim

insufficient where the only allegation related to New York City was the allegation

that the plaintiff "sometimes travelled to New York City while performing duties for

his job"); Hoffman, 15 NY3d at 292 (dismissing NYCHRL and NYSHRL claims

because the plaintiff did not "state a claim that the alleged discriminatory conduct

had any impact in [the City or State of New York]").

      Therefore, Counts II and III should be dismissed with prejudice.

      **C.**    **Plaintiff's Claim Under The NJLAD Must Be Dismissed As Time-Barred**

      Plaintiff's claim under the NJLAD is subject to a two-year statute of

limitations. See Illas v. Gloucester County Sheriff's Dept., No. 14-4061, 2015 U.S.

Dist. LEXIS 21753 (D.N.J. Feb. 24, 2015) (concluding a two-year statute of

limitations of N.J. Stat. Ann. 2A:14-2(a) applies to NJLAD claims) (citing Montells

v. Haynes, 133 N.J. 282 (N.J. 1993)); Henry v. New Jersey Dept. of Human

Services, 204 N.J. 320, 324 (2010) (holding that NJLAD complaint must be filed

within two years of the date on which the cause of action accrued).  Here, Plaintiff

filed the Complaint on December 19, 2019, and so to be actionable, any alleged

misconduct in violation of the NJLAD had to accrue on or after December 19, 2017.

However, the Complaint sets forth no allegations against Mr. Siminoff that occurred

after July 2017, and Plaintiff acknowledges that she was terminated on June 21,

2017. See Compl., ¶ 12.   Therefore, any claims related to her employment

necessarily accrued on or before June 21, 2017, and her claims under the NJLAD would have had to been brought before a court on or before June 21, 2019.

Importantly, the NJLAD's "two-year statute of limitations is not tolled by the filing of an administrative claim." Robinson v. N. Am. Composites, No. 15-8702, 2017 U.S. Dist. LEXIS 86223, *25 (D.N.J. June 6, 2017) (citing to Omogbehin v. Dimensions Int'l, Inc., No. 08-3939, 2009 U.S. Dist. LEXIS 63222, *8-9 (D.N.J. July 22, 2009) (holding that filing a claim with the EEOC did not toll the statute of limitations for a NJLAD claim and stating that "[u]nlike Title VII, the NJLAD does not require the claimant to seek an administrative remedy before proceeding with a judicial remedy for his claims"); Nappi v. Holland Christian Home Ass'n, No. 11-2832, 2015 U.S. Dist. LEXIS 112537, at *28 (D.N.J. Aug. 21, 2015) (holding plaintiff's claims under the NJLAD were time-barred after declining to toll the statute of limitations based on the filing of a claim with the New Jersey Division on Civil Rights). Therefore, Plaintiff's claim that she "timely" filed with the EEOC (while not offering a date to support this assertion, see Compl., ¶ 10) is irrelevant, as it has no impact on the timeliness of her claim under the NJLAD.

Therefore, because Plaintiff did not file her claim under the NJLAD within two years of any alleged discrimination or harassment, her NJLAD claim is time-barred, and First Count V must be dismissed with prejudice.

### D.   Plaintiff's Common Law Claims Must Be Dismissed

Because Plaintiff is a non-resident of New York and has not alleged any injury she experienced while in New York, the statute of limitations for her common

law claims is governed by Section 202 of the New York Civil Practice Law and Rules ("N.Y. Civ. Prac. L. & R. § 202"), and her claims "must satisfy the statute of limitations of the state where the cause of action accrued as well as that of New York, effectively subjecting the cause of action to whichever state's limitations period is shorter."  See Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A., No. 15 CV 293-LTS-RWL, 2019 U.S. Dist. LEXIS 167845, *18 (S.D.N.Y. Sep. 27, 2019); see also N.Y. Civ. Prac. L. &. R. § 202 ("An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued . . ..").  In other words, due to the applicability of N.Y. Civ. Prac. L. & R. § 202, Plaintiff's remaining claims against Mr. Siminoff for assault and battery (Second Count V), negligent infliction of emotional distress ("NIED") (Count VI), and intentional infliction of emotional distress ("IIED") (Count VII) all must be timely under both New York law and New Jersey law.   They are not and, therefore, must be dismissed with prejudice.  Moreover, Plaintiff's claim for NIED fails against Mr. Siminoff because it is barred by the workers' compensation laws in both New York and New Jersey.

   1. Plaintiff's Claims For Assault, Battery And IIED Are Time-Barred

    Plaintiff's claim for assault and battery and IIED are untimely under both New Jersey law and New York law.  In New York, claims for intentional torts, including assault and battery and IIED, are governed by a one-year statute of limitations. N.Y. Civ. Prac. L. & R. § 215(3); see also Ashjari v. Nynex Corp., 182

F.3d 898 (2d Cir. 1999) ("Under N.Y. C.P.L.R. § 215(3), claims of assault and battery . . . must be brought within one year from the date the claim accrued."); Sawyer v. Wight, 196 F. Supp. 2d 220, 228 (E.D.N.Y. 2002) ("There is a one year statute of limitations for assault and battery claims in New York."); Gallagher v. Dir. Guild of Am., 144 A.D.2d 261, 262 (1st Dep't 1988). In New Jersey, the statute of limitations for intentional torts, including assault and battery and IIED, is two years. See N.J. Stat. Ann. § 2A:14-2(a); see also Kachur v. WMC Mortg. Corp., Civ. No. 18-15111, 2019 U.S. Dist. LEXIS 137214, *8-9 (D.N.J. Aug. 19, 2019).

Thus, under both New York law and New Jersey law, Plaintiff's claims for assault and battery and IIED are time-barred because the Complaint contains no allegations of Mr. Siminoff's alleged misconduct after July 2017, which was more than two years prior to the filing of the Complaint.

### 2.   Plaintiff's Claim For NIED Is Time-Barred

The statute of limitations for NIED is three years under New York Law and two years under New Jersey Law. See N.Y. N.Y. Civ. Prac. L. & R. § 214; N.J. Stat. Ann. § 2A:14-2(a); see also AB ex rel. EF v. Rhinebeck Cent. Sch. Dist., 361 F. Supp. 2d 312, 317 (S.D.N.Y. 2005); Kachur, 2019 U.S. Dist. LEXIS 137214, at *9 (holding that statute of limitations for NIED is two years). Therefore, in order for Plaintiff's claim to be timely under N.Y. Civ. Prac. L. & R. § 202, the claim had to accrue on or before December 19, 2017 – i.e., within two years of the filing of the Complaint. Thus, for the same reasons as set forth above, namely that there are no

allegations against Mr. Siminoff that occurred after July 2017, Plaintiff's claim for NIED is time-barred and must be dismissed with prejudice.

> 3.   Plaintiff's Claim For NIED Is Barred By The Workers' Compensation Laws In New York And New Jersey

Moreover, Plaintiff's claims for NIED is also barred by the New York and New Jersey workers' compensation laws.   See, e.g., Yaba v. Cadwalader, Wickersham & Taft, 931 F. Supp. 271, 276 (S.D.N.Y. 1996) (holding negligence claims against supervisory employees were "barred by the New York Workers' Compensation Law") (citing N.Y. Workers' Comp. L.  §§ 11 and 29(6)); Ditzel v. University of Med. & Dentistry, 962 F. Supp. 595, 608 (D.N.J. 1997) (dismissing NIED claim against defendant employer and individual defendants as "barred by the Worker's Compensation Act") (citing N.J. Stat. Ann. § 34:15-8). This is because each state's workers' compensation law provides the exclusive remedy for an employee who is injured by the negligence or wrong of another in the same employ. See N. Y. Workers' Comp L. § 29(6); N.J. Stat. Ann. § 34:15-8 ("If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong."); see also Nieblas-Love v. N.Y.C. Haus. Auth., 165 F. Supp. 3d 51, 75 (S.D.N.Y. 2016) (holding that "New York Workers' Compensation Law, however, is 'the exclusive remedy to an employee . . . when such employee is injured . . . by the negligence or wrong of another in the same employ'") (quoting N.Y. Workers' Comp. Law § 29(6)); Smith v. Exxon Mobil Corp., 374 F. Supp. 2d

406, 424 (D.N.J. 2005) (granting summary judgment on employee's claim for NIED, holding that the New Jersey worker's compensation law "provides the exclusive remedy by which an employee may recover for injuries caused by workplace negligence"). Thus, injuries caused by a colleague's negligence, including those attributed to the negligent infliction of emotional distress, fall within that exclusive remedy provision. See Nieblas-Love, 165 F. Supp. 3d at 75; Smith, 374 F.Supp. 2d at 424; Gagliardi v. Trapp, 221 A.D.2d 315 (2d Dep't. 1995); Gok v. Ports Am., Inc., No. 15-3468, 2015 U.S. Dist. LEXIS 108636, *9-10 (D.N.J. Aug. 17, 2015); Powell v. Verizon, No. 19-8418, 2019 U.S. Dist. LEXIS 161552, *31 (D.N.J. Sept. 20, 2019).

E.    **Leave to Amend Should Be Denied Because Any Attempt To Further Pursue Plaintiff's Claims Against Mr. Siminoff Would Be Futile**

Because each of Plaintiff's claims fail as a matter of law and cannot be cured by repleading, leave to amend should be denied on grounds of futility. See Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 491 (2d Cir. 2011); Fischman v. Mitsubishi Chem. Holdings Am., Inc., No. 18-CV-8188 (JMF), 2019 U.S. Dist. LEXIS 115616, at *24 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend claims due to the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading).

Here, amendment would be futile because Plaintiff cannot change when or where the allegations took place, nor can she dispute the application of well-settled law.  Plaintiff cannot prevent future dismissal of Count I with an amendment because it is undisputed that Mr. Siminoff is an individual, and "Title VII does not

15

impose liability on individuals." See Lore, 670 F.3d at 169.   Moreover, Plaintiff's claims under the Human Rights Laws cannot be saved with amendment because Plaintiff cannot change the fact that she worked in New Jersey and, therefore, experienced the impact of the alleged misconduct in New Jersey – and not in New York.   See Hoffman, 15 NY3d at 292.   Finally, Plaintiff's NJLAD claim and claims for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress are clearly time-barred.   See, e.g., Mikolaenko v. N.Y. Univ., No. 16 Civ. 413, 2017 U.S. Dist. LEXIS 146776, at *31 (S.D.N.Y. Sept. 7, 2017) (stating amendment would be futile for claims that were time-barred).

### III.   This Case Should Be Dismissed Because Venue Is Not Proper In The Southern District Of New York

Finally, Plaintiff alleges in wholly conclusory language that venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b)(2) "because a substantial part of the events or omissions giving rise to Ms. Jones's claims arose in this District."   See Compl., ¶ 9.   However, as set forth above, the Complaint is bereft of any allegations that Plaintiff was discriminated against or harassed in New York State or New York City.   To the contrary, Plaintiff specifically pleads that (i) she worked in New Jersey at all times relevant to the allegations in the Complaint (see id., ¶¶ 17, 19, 35) and (ii) that Mr. Siminoff and Mr. Barabander worked in New Jersey (see id., ¶¶ 19-22).   The only allegations of any alleged conduct in New York set forth in the Complaint is that Mr. Siminoff sent "some" text messages (which she does not identify) to her while he was in New York.   See id., ¶ 40.   Notably absent is any allegation that Plaintiff experienced the impact of any alleged

16

discrimination or harassment while in New York.  Under such circumstances, it can hardly be said that a "substantial part of the events or omissions" giving rise to Plaintiff's claim occurred in the Southern District of New York, and her claim should be dismissed for improper venue. <u>See</u> 28 U.S.C. § 1391(b)(2); <u>see also</u> <u>Gulf Ins. Co.</u>, 417 F.3d at 357.

**<u>CONCLUSION</u>**

For the reasons set forth above, the Court should grant the motion by Mr. Siminoff and dismiss Plaintiff's claims against him with prejudice.

Dated: February 15, 2020

PADUANO & WEINTRAUB LLP


By: _s/ Meredith Cavallaro_
      Meredith Cavallaro
      Courtney Fain
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020

_Attorneys for Defendant Ian W. Siminoff_