UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
STEPHANIE JONES,                                               :
                                                               :
                              Plaintiff,   :   **ORDER TRANSFERRING CASE**
   -v.-                                                        :
                                                   :   19 Civ. 11573 (AKH)
FOX ROTHSCHILD LLP and IAN W.                                  :
SIMINOFF,                                                      :
                                                               :
                           Defendants.                      :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff filed this employment discrimination action on December 19, 2019, contending that the law firm at which she used to work, Defendant Fox Rothschild LLP, and an attorney at that firm, Defendant Ian W. Siminoff, harassed her and discriminated against her on the basis of sex, in violation of, principally, federal, state, and city civil and human rights laws. *See generally* ECF No. 2.  Defendants, represented separately, now move for the case to be either dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or transferred to the District of New Jersey.  *See* ECF Nos. 15, 18.  Because this dispute has no significant ties to this district, the case is transferred to the District of New Jersey.

**Discussion**

       Under federal law, a civil suit may be filed in, among other venues, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(b)(2).  The Second Circuit has "caution[ed] district courts to take seriously the adjective 'substantial.'" *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).  Indeed, district courts are "required to construe the venue statute strictly," and find venue proper only if "*significant* events or omissions *material* to the plaintiff's claim … occurred in the district." *Id.* (noting that "[i]t would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries").

Although in evaluating the propriety of venue the court will view all facts in the light most favorable to the plaintiff, plaintiff nonetheless bears the burden of demonstrating that the choice of venue is indeed proper.  *See Wood v. Byrd*, No. 16 Civ. 8142, 2020 WL 550787, at *4 (S.D.N.Y. Feb. 4, 2020); Wright & Miller, Fed. Prac. & Proc. Civ. § 1352 (3d ed.) ("[I]t is the plaintiff's obligation to institute his action in a permissible forum.").  Plaintiff's burden is owed to the fact that "the substantial events or omissions test limits proper venue in order to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place." *Wood*, 2020 WL 550787, at *7 (quotation marks omitted).  When the "venue is not proper, a district court has discretion to dismiss, or if it be in the interest of justice, transfer such case to any district … in which it could have been brought." *Id*. at *8 (quotation marks omitted); *see* 28 U.S.C. § 1404(a).

Thus, "when a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, a two-part inquiry is appropriate.  First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges gave rise to those claims.  Second, the court should determine whether a substantial part of those acts or omissions occurred in the [chosen] district." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (citations omitted).  In conducting this analysis, courts may consider evidence outside the complaint.  *See Owens v. L-3 Commc'ns Vertex Aerospace, LLC*, No. 12 Civ. 8419, 2013 WL 2524365, at *1 (S.D.N.Y. June 7, 2013).

Plaintiff's causes of action arise out of her allegations that, beginning in 2014, Siminoff began to sexually harass her in various ways, and that Fox Rothschild's administrators failed to adequately respond to Plaintiff's complaints of the harassment.  The complaint is bereft of meaningful reference to New York.  Plaintiff is a resident of California; Fox Rothschild is a limited liability partnership organized under Pennsylvania law, based in Philadelphia, and with offices in, *inter alia*, New York and New Jersey; and Siminoff's residency is not specified in the complaint.  *See* ECF No. 2 at ¶¶ 12-14.  The Complaint states that Plaintiff began to work for the predecessor of Fox Rothschild in New Jersey in 1990 as a librarian; that in 2007, she switched to

the role of paralegal, still working in New Jersey; and that in 2013, she again switched roles and became an administrative assistant. *See id*. at ¶¶ 17-22. The Complaint alleges that, in January 2014, Siminoff made sexually explicit comments to Plaintiff at a location in West Orange, New Jersey; that Plaintiff complained about Siminoff to a Fox Rothschild office administrator in New Jersey in August 2014; that, in January 2015, Siminoff attempted to assault Siminoff in the New Jersey office in which Siminoff "controls significant functions"; and that, another attorney at the firm also sexually harassed Plaintiff in New Jersey. *Id*. at ¶¶ 26-46. By contrast, the Complaint, in alleging Siminoff sent Plaintiff inappropriate text messages, notes that "some" of the messages were "sent by Siminoff when he was working out of the NY office." *Id*. at ¶ 40.

Thus, *in toto*, the Complaint references New York twice: once to note that Fox Rothschild has a New York office, and once to note that Siminoff sent "some" of the many lewd text messages at issue while he was in that office. In a case that includes serious allegations of sexual harassment (in New Jersey), attempted rape (in New Jersey), and potential failures of the staff of an office (located in New Jersey) to respond to a dangerous and abusive situation, and in which the Complaint is permeated by references to persons and conduct in New Jersey, that Siminoff may have sent "some" improper text messages from New York is far from enough to constitute a substantial part of these events.[1] *See, e.g., Spriggs v. Brownlee*, No. 04 Civ. 0644,

---

[1] In response to the filing of the instant motions, Plaintiff has adduced her own declaration, which contains a number of allegations wholly absent from the Complaint. Ultimately, however, these new allegations are contradicted by the documentary evidence and, in any case, too vague and conclusory to warrant a different result. In her declaration, Plaintiff claims that she "worked in New York for Fox during the relevant time period" while she was a paralegal from "2006 to June 2017" at "Fox's New York office initially on Fifth Avenue, and then … near 54th Street and Madison Avenue"; that Defendants reimbursed her for commuting from New Jersey to New York; and that Siminoff would "sexually harass [her] in the New York office by phone and text." *See* ECF No. 25. Numerous problems are readily identifiable. First, the Complaint notes that she was not a paralegal for the whole period of 2006 to 2017 and that (as confirmed by Defendants' documentation) she transitioned to being an administrative assistant in 2013—Plaintiff cannot blur the timeline to gain a foothold in this district, particularly where the alleged discrimination did not begin until 2014. Second, Defendant produces records showing that Plaintiff was not reimbursed for having to travel to New York any time after March 2013—again, the alleged misconduct began in 2014. *See* ECF No. 30 (and exhibits). Third, the claim that Siminoff harassed her while both were in New York is not an elaboration on the Complaint; it is an entirely new allegation, unmoored from any specific time or details, and cannot transmogrify the claims of harassment in the complaint that specifically identify times and places (all New Jersey) of the incidents. Finally, even reviewing the evidence in the light most favorable to Plaintiff, I note that it is hard to credit the claim

2006 WL 1304861, at *9 (N.D.N.Y. May 9, 2006) (noting "almost all aspects of the allegations underlying these claims are directly related to events, documents, and persons" in one venue); *Medicrea USA, Inc. v. K2M Spine, Inc.*, No. 17 Civ. 8677, 2018 WL 3407702, at *16 (S.D.N.Y. Feb. 7, 2018) ("Although some of the events giving rise to claims … occurred in New York, the Court finds that they substantial[ly] took place [elsewhere].") (quotation marks omitted).[2]

## Conclusion

For the foregoing reasons, this case is transferred to the District of New Jersey. *See* 28 U.S.C. § 1406(a). The Clerk shall execute the transfer, terminate the open motions (ECF Nos. 15, 18), and mark the case closed.

SO ORDERED.

Dated:  May 18, 2020                    _____/s/_____
        New York, New York                    ALVIN K. HELLERSTEIN
                                              United States District Judge

---

that she worked out of the New York office at the relevant time when the first address she identifies on "Fifth" is the address of Fox Rothschild's predecessor (which closed in 2007), and the second address at "Madison and 54th" appears not to belong to Fox Rothschild at all, as Defendant's evidence shows. *See id*. In sum the Jones Declaration cannot salvage venue here. *See Spriggs v. Brownlee*, 2006 WL 1304861, at *8 ("While Plaintiffs may rely on the facts in their pleadings to respond to a motion to dismiss for improper venue, they may only do so insofar as those facts are not controverted by Defendants' declaration."); *accord Paul v. Shinseki*, No. 09 Civ. 1591, 2010 WL 3927077, at *4 (E.D.N.Y. Sept. 29, 2010).

[2] That the relevant persons and documents are all based in New Jersey also supports transfer pursuant to 28 U.S.C. § 1404(a) for the "convenience of parties and witnesses." And given that Plaintiff is based in California, she cannot credibly claim New York to be superior to her from a convenience perspective as compared to New Jersey.